■ MARILYN M. CLURMAN, Appellant, v RICHARD M. CLURMAN, Respondent.—Order, Supreme Court, New York County, entered June 7, 1979, denying plaintiff's motion for partial summary judgment for alimony arrears for the years 1974, 1976, 1977 and 1978, and granting defendant's cross motion to compel arbitration as to alimony arrears for eight months of 1977 and for 1978, modified, on the law, to the extent of denying the cross motion to compel arbitration and otherwise affirmed, without costs or disbursements. The parties entered into a separation agreement in 1956. They were divorced later that year and the separation agreement was incorporated in the divorce decree. Paragraph 4(b) of the agreement provided for payment of alimony of $4,500 annually, plus one third of the amount by which the defendant's income exceeded $18,000. The agreement provided for arbitration of any controversies arising under paragraph 4(b). This action was commenced in August, 1976 to enforce the alimony provisions and agreed upon by the parties. Plaintiff moved for partial summary judgment for the sums of $188 for the year 1974; $48,333.33 for the year 1976; $59,089.83 for the year 1977; and $3,833.33 for the year 1978. The defendant in opposition produces his own computations, providing various alternatives as to amounts due, depending on how "income" is defined. He claims, however, that all this should be submitted to arbitration. The motion of the defendant to compel arbitration as to the sums due in 1977 and 1978 was made in February, 1979 after having participated in this litigation since 1976. The amounts sought for that year were added by the plaintiff as an amendment to the *ad damnum* clause, and we find that the defendant by his continued participation in this same litigation has waived any right to arbitrate. However, in view of the sharp dispute as to the amounts due to plaintiff, we agree with Special Term's determination denying plaintiff's motion for partial summary judgment. Concur—Murphy, P. J., Lane, Lupiano and Lynch, JJ.; Kupferman, J., dissents in part and would affirm.